Boris Avramski, Esq.
Nevada Bar No. 11350
AVRAMSKI LAW, PC
4640 W. Charleston Blvd.
Las Vegas, NV 89102
Phone: (702) 685-3618
Fax: (702) 664-0555
E-mail: bkhelpvegas@yahoo.com
Attorney for debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In Re:

Rodrigo Garcia Santos and Doris Santos

Debtor(s).

Case No.: BK-09-29131-BAM
Chapter 13

Hearing Date: February 23, 2010
Hearing Time: 1:30 p.m.

**DEBTOR'S OPPOSITION TO MOTION FOR
RELIEF FROM AUTOMATIC STAY AND/OR REQUEST FOR RENOTICING
UNDER NRS 107.080 (AS REQUIRED UNDER NEVADA ASSEMBLY BILL 149
EFFECTIVE JULY 1, 2009) OR REQUEST FOR EVIDENTIARY HEARING ON
WHETHER A REAL PARTY IN INTEREST PURSUANT TO FRCP 17 HAS
BEEN NAMED IN CREDITOR'S MOTION FOR RELIEF**

Rodrigo Garcia Santos and Doris Santos, Debtors, by and through her attorney of record, Boris Avramski, Esq., from Avramski Law, PC, files this opposition to HSBC Bank USA National Association as Trustee for Nomura Asset Acceptance Corporation Mortgage Pass-through Certificates, Series 2007-3, Secured Creditor herein ("Secured Creditor" or "Movant" hereinafter), Motion for Relief from Automatic Stay on the following grounds:

1. On October 12, 2009, Debtors filed the current Chapter 13 Petition in Bankruptcy with the Court.

2. Debtor's Plan provides that Debtors are requesting to modify the terms of the mortgage loan secured by the property subject of the Movant's motion.

1

1  3.  Debtors cannot afford their current monthly mortgage payment.

2  4.  Under Debtors' Chapter 13 plan, Debtors will begin making direct payments to
3  the servicer of the Secured Creditor when the terms of her mortgage loan are modified.

4  5.  On or about January 20, 2010, Movant filed a Motion for Relief from the
5  Automatic Stay.

6  6.  The asset securing Secured Debtor's claim is Debtors' primary residence and it is
7  necessary for the Debtors' effective reorganization.

8  7.  Debtors also believe that Movant's motion was not filed by a "Real Party in
9  Interest" pursuant to F.R.C.P. 17. F.R.B.P. 9014 incorporating Fed. R. Bankr. P. 7017; See *In re*
10 *Wells*, No. 08-17639, 2009 WL 1872401, (Bankr. N.D. Ohio June 19, 2009); *In re Mitchell*, No.
11 07-16226-LBR, 2009 WL 1044368 (Bankr. D. Nev. March 31, 2009) (holding that MERS lacked
12 standing to pursue stay relief when it could not show that it was either holder of the mortgage
13 note or a transferee in possession of the note, as required by Nevada law to pursue a foreclosure);
14 *In re Jacobsen*, 2009 WL 567188 (Bankr. W.D. Wash. 2009) (denying motion for stay relief
15 because movant had not established either identity of holder of note or movant's authority to act
16 on behalf of that party); *In re Hwang*, 396 B.R. 757 (Bankr. C.D. Cal. 2008); *In re Hayes*, 393
17 B.R. 259 (Bankr. D. Mass. 2008); *In re Prevo*, 394 B.R. 847 (Bankr. S.D. Tex. 2008); *In re*
18 *Maisel*, 378 B.R. 19 (Bankr. D. Mass. 2007) (standing/ownership of Creditor); *In re Schwartz*,
19 366 B.R. 265 (Bankr. D. Mass. 2007).  Here, the Movant failed to establish that it is a "Real
20 Party in Interest" because the Movant produced an improper assignment of the note and the deed
21 of trust as an exhibit to its motion.  Specifically, the assignment produced by the Movant was
22 executed on June 2, 2009, however, the assignor, Silver State Financial Services, Inc., d/b/a
23 Silver State Mortgage, closed its doors for business on February 12, 2007 and was dissolved on
24 June 30, 2008.  Therefore, the Movant does not have standing to pursue a relief form stay.

25 8.  Accordingly, Debtors requests Movant's motion be denied or in the alternative
26 requests this Court order an evidentiary hearing to determine whether Movant has proper
27 standing and authority to bring this motion.

28 9.  In the event this Court is inclined to grant Movant's request for relief from the

2

automatic stay, the Debtors requests that Your Honor require Movant to renotice any pending foreclosure action under NRS 107.080 (as revised by Nevada Assembly Bill 149, effective July 1, 2009) by this Creditor to the extent applicable.

10. Pursuant to NRS 107.082 if a foreclosure "sale has been postponed by oral proclamation three times, any new sale information must be provided by notice as provided in NRS 107.080." NRS 107.080 (as revised by Nevada Assembly Bill 149 effective July 1, 2009) requires Secured Creditor to provide Debtors a notice of election to enter into court mandated mediation.

WHEREFORE, Debtor requests:

1. Movant's motion be denied; and/or
2. Order that and evidentiary hearing be scheduled to determine whether Secured Creditor has proper standing and/or authority to bring the instant motion;
3. Attorney's fees for opposing Secured Creditor's motions and representing Debtors in an evidentiary hearing in the event Secured Creditor cannot establish proper standing or authority to bring the instant Motion for Relief;
4. In the event Your Honor grants relief from stay, that Secured Creditor be required to renotice its foreclosure proceeding pursuant to Revised NRS 107.080 (as effective through Nevada AB 149, July 1, 2009), thus providing the Debtors an opportunity to elect court mandated mediation in State Court; and/or
5. Such other relief as the Court finds appropriate.

Dated this 8th day of February, 2010.

/s/BORIS AVRAMSKI, ESQ.
Boris Avramski, Esq.
Attorney for debtor