Boris Avramski, Esq.
Nevada Bar No. 11350
AVRAMSKI LAW, PC
4640 W. Charleston Blvd.
Las Vegas, NV 89102
Phone: (702) 685-3618
Fax: (702) 664-0555
E-mail: bkhelpvegas@yahoo.com
Attorney for debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In Re:

   Rodrigo Garcia Santos and

   Doris C Santos

       Debtor(s).

CASE NO.: 09-29131-BAM
CHAPTER 13

HEARING DATE: 03/18/2010
HEARING TIME:  2:30 p.m.

**DEBTOR'S MOTION FOR DETERMINATION OF VALUE, AVOID LIEN AND MODIFY RIGHTS OF CREDITOR PURSUANT TO 11 U.S.C. §506(a) AND (d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 3012**

COME NOW, Rodrigo Garcia Santos and Doris C Santos (hereinafter the "Debtors") through the law firm Avramski Law, PC, and attorney Boris Avramski, Esq., and move the Court pursuant to 11 U.S.C. § 506(a) for determination of value, and modify rights of SILVER STATE FINANCIAL SERVICES INC holding the second lien serviced now by Specialized Loan Servicing.  This motion is based upon the memorandum of points and authorities attached hereto, and all papers and proceeding heretofore before this Court in this matter.

Dated this: 9th day of February, 2010.

                                               /s/BORIS AVRAMSKI, ESQ.
                                               Boris Avramski, Esq.
                                               Attorney for debtor

1

## SUMMARY OF FACTS

1. Debtor filed a Voluntary Petition for Bankruptcy relief under Chapter 13 of Title 11 of the United States Code on October 12th, 2009.

2. On the petition date, debtor owned real property located at 3904 San Esteban Av., N. Las Vegas, NV 89084 (hereinafter the "Subject Property").

3. On the petition date the value of the Subject Property was $ 226,000.00.  See Exhibit A.

4. Debtor purchased the Subject Property on or about January 24th, 2007 for the amount of $ 432,353.00.

5. At the time of filing the Subject Property was subject to a priority lien held by HSBC Bank USA National Association as Trustee for Nomura Asset Acceptance Corporation Mortgage serviced by Americas Servicing Co. in the amount of $ 345,849.99.

6. Therefore, on the date the instant Chapter 13 bankruptcy was filed, no equity existed in the Subject Property above the claims of HSBC Bank USA National Association as Trustee for Nomura Asset Acceptance Corporation Mortgage serviced by Americas Servicing Co.  As a result the claim by SILVER STATE FINANCIAL SERVICES INC holding the second lien serviced now by Specialized Loan Servicing  was wholly unsecured on the petition date.

7. The claim by  SILVER STATE FINANCIAL SERVICES INC holding the second lien serviced now by Specialized Loan Servicing is secured by a lien on the Subject Property that is junior to the lien securing HSBC Bank USA National Association as Trustee for Nomura Asset Acceptance Corporation Mortgage serviced by Americas Servicing Co. Therefore, if the Subject property was sold at an auction SILVER STATE FINANCIAL SERVICES INC holding the second lien serviced now by Specialized Loan Servicing would have received nothing.

///

///

///

**LEGAL ARGUMENT**

**I.  SILVER STATE FINANCIAL SERVICES INC holding the second lien serviced now by Specialized Loan Servicing DOES NOT HAVE AN ALLOWED SECURED CLAIM.**

In <u>In re Zimmer</u>, 313 F.3d 1220 (9th Cir. 2002), the Court held that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. §506(a), despite the anti-modification language in 11 U.S.C. §1322(b)(2).  Specifically, the court stated:

> Section 506(a) divides creditors' claims into "secured…claims" and "unsecured…claims."  Although the conventional interpretation of "secured" might include any claim in which the creditor has security interest in the debtor's property, § 506(a) makes clear that the status of a claim depends on the valuation of the property.  An allowed claim of a creditor secured by a lien on property in which the estate has and interest … is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property … and is an unsecured claim to the extent that the value of such creditor's interest … is less than the amount of such allowed claim
>
> …
>
> To put it more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it.  Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim."  Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed if trust is greater than the value of the house.

In the case at bar, the value of the first Deed of Trust recorded against the Subject Property is $ 345,849.99.  Since, as of the date of filing of this Chapter 13 bankruptcy petition, the amount of the first Deed of Trust exceeds the value of the Subject Property, which is  $ 226,000.00, the value of the estate's interest in the Subject Property is zero.  As a second priority Deed of Trust, SILVER STATE FINANCIAL SERVICES INC holding the second lien serviced

3

now by Specialized Loan Servicing's interest in the estate cannot be greater than zero. Thus, under 11 U.S.C. §506(a), SILVER STATE FINANCIAL SERVICES INC holding the second lien serviced now by Specialized Loan Servicing would not have an allowed secured claim; under Zimmer its claim must be unsecured.

## II. SILVER STATE FINANCIAL SERVICES INC holding the second lien serviced now by Specialized Loan Servicing's LIEN IS VOID.

11 U.S.C. §506(d) states in pertinent part as follows:

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless-
>
>   (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
>   (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

Accordingly, since SILVER STATE FINANCIAL SERVICES INC holding the second lien serviced now by Specialized Loan Servicing would not have an allowed claim under §506(a), its lien is void and it should be removed.

## III. SILVER STATE FINANCIAL SERVICES INC holding the second lien serviced now by Specialized Loan Servicing's CONTRACT RIGHTS MAY BE MODIFIED THROUGH CHAPTER 13 PLAN.

11 U.S.C. §1322(b)(2) provides that a plan may modify the rights of holders of secured claims, other than a claim secured only by a security in real property that is the debtor's principal residence. However, as in this case, a wholly unsecured lien is not protected by the anti-modification clause of §1322(b)(2). In re Zimmer, 313 F.3d 1220 (9th Cir. 2002). Since, as discussed above, SILVER STATE FINANCIAL SERVICES INC holding the second lien serviced now by Specialized Loan Servicing is completely unsecured, it is not entitled to the protection of §1322(b)(2).

## IV. DEBTOR IS NOT REQUIRED TO FILE AN ADVERSARY PROCEEDING.

To achieve the relief requested herein, the Debtor may bring a motion to "strip off"

4

SILVER STATE FINANCIAL SERVICES INC holding the second lien serviced now by Specialized Loan Servicing's consensual lien.  See In re Williams, 166 B.R. 615 (Bankr.E.D. Va. 1994), In re Fuller, 255 B.R. 300 (Bankr. W.D. Mich. 2000), In re Hoskins, 262 B.R. 693 (Bankr. E.D. Mich 2001), In re king, 290 B.R. 641 (Bankr. C.D. Ill. 2003), In re Milspaugh, 302 B.R. 90 (Bankr. D. Idaho 2003), Dickey v Ben Fin. (In re Dickey), 293 B.R. 360 (Bankr M.D. Pa. 2003), In re Hill, 304 B.R. 800 (Bankr. S.D. Ohio 2003), In re Sadala, 294 B.R. 180 (Bankr. M.D. Fla. 2003), In re Fisher, 289 B.R. 544 (Bankr. W.D.N.Y. 2003), Inre Robert, 313 B.R. 545 (Bankr. N.D.N.Y. 2004), In re Bennet, 312 B.R. 843 (bankr. W.D. Ky. 2004).

WHEREFORE, Debtor prays that this Court:

1. Finds that SILVER STATE FINANCIAL SERVICES INC holding the second lien serviced now by Specialized Loan Servicing is not a holder of a lien on the Subject Property;

2. Immediately avoid, "Strip Off," cancel, and extinguish SILVER STATE FINANCIAL SERVICES INC holding the second lien serviced now by Specialized Loan Servicing's wholly unsecured claim/lien from the Subject property pursuant to 11 U.S.C. §506(a);

3. Reclassify SILVER STATE FINANCIAL SERVICES INC holding the second lien serviced now by Specialized Loan Servicing's claim as a general unsecured claim to be paid pro rata with other general unsecured creditors through the Debtor's Chapter 13 bankruptcy plan;

///
///
///
///
///
///
///

4. For such other relief the Court finds just and proper.

Dated this: 9th day of February, 2010.

          /s/BORIS AVRAMSKI, ESQ.
Boris Avramski, Esq.
Nevada Bar No. 11350
4640 W. Charleston Blvd.
Las Vegas, NV 89102
Phone: (702) 685-3618
Fax: (702) 664-0555
E-mail: bkhelpvegas@yahoo.com
Attorney for debtor